**NOT FOR PUBLICATION**

**FILED**

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10236 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-00513-JMS-2 |
| v. | MEMORANDUM[*] |
| ANTHONY BUZIO SANCHEZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted March 16, 2022[**]

Before:     SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Anthony Buzio Sanchez appeals pro se from the district court's order

denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion,

*see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021), we affirm.

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sanchez contends that the district court abused its discretion by concluding that his medical conditions did not qualify as extraordinary and compelling reasons for release. He argues that the district court erroneously treated U.S.S.G. § 1B1.13 as binding, *see Aruda*, 993 F.3d at 802, and overlooked parts of his medical record. The record reflects, however, that the court did not treat § 1B1.13 as binding. Moreover, it fully reviewed Sanchez's medical record and acknowledged that he appears to suffer from two conditions that increase his COVID-19 risk. The court nevertheless reasonably determined that Sanchez did not have extraordinary and compelling reasons for release given his age, overall risk factors, and vaccination status. Contrary to Sanchez's argument, the court did not rely on any clearly erroneous facts and its conclusion was supported by the record. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or without support in the record).

Sanchez also argues that the district court abused its discretion in concluding that the 18 U.S.C. § 3553(a) factors did not support release. He contends that the court's decision to grant compassionate release to a similarly situated defendant in another case shows that the court's decision in his case was arbitrary. However, the court's decision to grant relief in another case does not show that the court abused its discretion here. To the contrary, the court reasonably concluded that the

§ 3553(a) factors weighed against release in light of the serious nature of Sanchez's offense and his criminal history. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**AFFIRMED.**